UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ACULLIANCE HOLDINGS, INC.,

Plaintiff,

v.

BLS LOGISTICS LLC, et al.,

Defendants.

Case No.   25-cv-06776-ASK

**ORDER GRANTING MOTION TO QUASH**

Re: Dkt. Nos. 80, 84

Plaintiff Aculliance Holdings, Inc. ("Aculliance") has served a subpoena on non-party Marquette Savings Bank, the bank of Defendant BLS Logistics, LLC ("BLS"). The subpoena seeks BLS's bank statements from January 1, 2024, to present. *See* Dkt. 80 Ex. 1 at 2. BLS seeks to quash the subpoena, as it improperly seeks discovery into BLS's financial records, invading BLS's financial privacy. *See generally* Dkt. 80. Aculliance defends its subpoena on the grounds that it seeks "to verify BLS's own financial transactions and representations, including its contentions that it . . . lacks the funds to pay Plaintiff for its claims in this action." Dkt. 84 at 2.

The Court fails to understand Aculliance's stated rationale for the subpoena. It is not at all clear what BLS financial transaction Aculliance needs to verify, let alone why Aculliance needs to verify 30 months of financial transactions. As for the purported BLS contention that BLS "lacks the funds to pay Plaintiff for its claims in this action," *see id.*, the Court is perplexed. It is surprising that BLS would have made such a claim in this case, and Aculliance provides no citation to any attorney declaration or BLS-authored document to prove that BLS so contended, *see id.* To the extent that BLS made such a statement in the context of a confidential settlement discussion, that is not a "contention" in this case; and it would typically be inappropriate for BLS to quote such a statement to the Court, absent some explanation and a basis for doing so. To the extent that Aculliance wishes to explain its position more clearly, it may do so in a follow-on

discovery dispute submission. If BLS did make such a contention in this case, it is possible that such a subpoena is proper, but the Court would need additional briefing on the relevant law regarding when and what type of discovery into a defendant's ability to pay is appropriate.

Given Aculliance's weak—and frankly questionable—defense of its subpoena, the Court suspects that the true purpose behind the subpoena is to bolster Aculliance's alter-ego theory against BLS principal Bogdan Sychuk. That is precisely what the Court stated that it would not allow at the April 15, 2026, Motion to Dismiss hearing. The Court has recently dismissed the alter-ego-based claim against Sychuk without prejudice. To the extent that Aculliance learns information in discovery that would allow it to re-assert that theory, the Court is not closing that door at this time. But what Aculliance may not do is pursue discovery on the alter ego theory as if it were still in the case.

Accordingly, the Court construes BLS's discovery dispute pleading (Dkt. 80) as a motion to quash the subpoena to Marquette Savings Bank and GRANTS that motion without prejudice— as the Court cannot be sure at this time whether or not, and in what context, BLS may have contended that it lacks the funds to satisfy a judgment in this case. Aculliance is ordered to notify Marquette Savings Bank of this Order and to cease and desist any efforts to enforce the subpoena. BLS may, of course, if it so chooses, also notify Marquette Savings Bank of this Order.

**IT IS SO ORDERED.**

Dated: July 8, 2026

AJAY KRISHNAN
United States Magistrate Judge

2